Matter of Jayden S. (Shalea S.) (2018 NY Slip Op 01638)





Matter of Jayden S. (Shalea S.)


2018 NY Slip Op 01638


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5985 5984

[*1]In re Jayden S., A Child Under Eighteen Years of Age, etc., Shalea S., Respondent-Appellant, Administration for Children's Services of the City of New York, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Qian Julie Wang of counsel), for respondent.
Dawne A. Mitchell, Jr., The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about September 20, 2016, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about November 17, 2015, which found that respondent's mental illness put the subject child at imminent risk of neglect, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supported the court's finding that the subject child's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the mother's long-standing history of mental illness, lack of insight into her condition, and resistance to treatment (see Matter of Cerenithy Ecksthine B. [Christian B.], 92 AD3d 417 [1st Dept 2012]; see also Family Court Act § 1012[f][i][B]); Matter of Caress S., 250 AD2d 490 [1st Dept 1998]). The record showed that the mother had been diagnosed with schizophrenia by two different hospitals, and hospitalized several times over the years for her psychiatric condition, yet she remained in denial about her condition and refused medication. The court also properly considered testimony from witnesses who observed the mother interacting with the subject child shortly after he was born, and expressed concern about her ability to feed and care for a newborn, as she was easily flustered, exhibited erratic behavior, and was disorganized in her thinking (see Caress S. at 490).
There is no reason to disturb the court's denial of the mother's pro se motion, made after the fact-finding hearing had concluded, which sought review of various medical records and diagnoses. It appears the mother's intention in making the motion was to challenge her diagnosis of schizophrenia. However, the court did not base its neglect finding on any formal diagnosis, but rather properly relied on evidence of the mother's ability to care for the child and her general history of mental illness, as documented in the voluminous medical records entered into evidence [*2](see Matter of Zariyasta S., 158 AD2d 45, 48 [1st Dept 1990]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK